Filed 2/23/26  P. v. Avendano CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F089057 |
| Plaintiff and Respondent, | (Super. Ct. No. F20902486) |
| v. | |
| MARIO AVENDANO, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Geoffrey Wilson, Judge.

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Franson, J. and De Santos, J.

**INTRODUCTION**

Defendant Mario Avendano appeals after pleading no contest and being placed on a three-year term of probation for driving with a blood-alcohol content in excess of 0.08 percent. He argues that one condition of his probation constitutes an improper delegation of judicial authority. For the reasons set forth below, we affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 8, 2019, defendant was driving a vehicle at a high rate of speed when he collided with a fence and caused the vehicle to rollover. He was ejected from the vehicle and treated at a hospital, where he exhibited signs of inebriation, and was determined to have a blood-alcohol content of 0.119 percent. Defendant's passenger was his teenage brother who was rendered unconscious in the accident.

The District Attorney of Fresno County filed a complaint on April 15, 2020, charging defendant with felony driving while doing an act forbidden by law while under the influence of an alcoholic beverage while having 0.08 percent or more, by weight, of alcohol in his blood causing injury (Veh. Code, § 23153, subd. (b); count 1); driving while doing an act forbidden by law while under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a); count 2); misdemeanor driving while unlicensed (Veh. Code, § 12500, subd. (a); count 3); driving with a blood-alcohol content of 0.05 percent (Veh. Code, § 23140, subd. (a); count 4), an infraction; and failure to stop (Veh. Code, § 22450, subd. (a); count 5), an infraction.

On October 3, 2024, defendant entered a plea of no contest to count 1, in exchange for the prosecution's agreement to dismiss the remaining charges. Defendant stipulated to a blood-alcohol content of 0.11 percent and would participate in a driving under the influence class, as required by the Department of Motor Vehicles, and the adult offender work program, as required by probation, and pay various fines as part of the agreement.

The probation report recommended the court suspend judgment for three years, place defendant on formal probation, and impose conditions that included: (condition 1)

defendant would participate in all treatment program assessments, as directed by the Court or the probation officer, and any recommended treatment programs; and (condition 19) defendant would participate "in any assessment and attend and complete any recommended alcohol/substance abuse treatment program and aftercare portion as directed by the Probation Officer or the Court."

At the sentencing hearing on November 14, 2024, the parties had no additions or corrections to the report and submitted on it with no additional comments. The trial court followed the probation report recommendation, suspended judgment, and placed defendant on formal probation pursuant to Penal Code section 1203[1] for a term of three years subject to terms and conditions, including that he be confined for 60 days or serve the time on the adult offender work program, participate in all treatment program assessments as directed by the court or the probation officer and any recommended treatment programs, enroll in and complete an educational or vocational training program as directed by the probation officer, and participate in any assessment and attend and complete any recommended alcohol or substance abuse treatment program and after care portion as directed by the probation officer or the court. The court ordered defendant to pay a $300 restitution fine (§ 1202.4); a $300 probation revocation restitution fine (§ 1202.44); victim restitution (§ 1202.4, subd. (f)); $390 in fines, penalties, and assessments (Veh. Code, §§ 23554, 23556); a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 criminal conviction assessment (Gov. Code, § 70373).

The sentencing minute order describing the substance abuse probation conditions contains checked boxes next to the condition that defendant is to enroll, participate, and complete programs including alcohol, narcotics, educational, and vocational programs, but there is no box checked for the program type (either in-patient or out-patient).

Defendant filed a timely notice of appeal on December 12, 2024.

---

[1] Undesignated statutory references are to the Penal Code.

**DISCUSSION**

Defendant argues that a condition of probation imposed by the trial court improperly delegated judicial authority to the probation department to determine whether defendant should participate in a residential or outpatient treatment program.  The People respond that the probation condition cannot be read as authorizing a residential program and does not improperly delegate the decision to the probation department by claiming that the provision is not as open-ended as defendant argues.  The People argue that even if it could be read in an improper manner, it should be viewed as valid until improperly imposed, as defendant retains the ability to challenge the provision if used in an improper manner.  We agree with the People that the condition is not subject to only one interpretation, and thus we should view the provision as limited to a proper scope, given that defendant may challenge any improper interpretation if the situation arises.

## I.      *Standard of Review and Applicable Law*

The California Constitution separates the state government's power into legislative, executive, and judicial branches and prohibits persons charged with the exercise of one power to exercise either of the others except as permitted by the California Constitution.  (Cal. Const., art. III, § 3.)  The separation of powers doctrine is violated when the actions of one branch defeat or materially impair the inherent functions of another.  (*In re D.N.* (2022) 14 Cal.5th 202, 212.)

A trial court has broad discretion to impose probation conditions to foster rehabilitation of the defendant and to protect the public.  (§ 1203.1, subd. (j); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  Further, the court "has authority to empower the probation department with authority to supervise the probation conditions."  (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.)  "The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended."  (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359.)  "While the

4.

probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

We review challenges alleging an improper delegation of authority de novo. (*Smith, supra*, 79 Cal.App.5th at p. 902.) "When construing probation conditions, we consider their context and we use common sense." (*Ibid.*)

### II.    Analysis

Defendant argues this case is controlled by *Smith, supra*, 79 Cal.App.5th 897, a case in which the court ordered that the defendant must " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Id.* at p. 902.) *Smith* noted this broad authority was found improper in several cases discussing the substantial burden to one's liberty interests that attending a residential program creates. (*Ibid.*) The seriousness of that burden precluded the trial court from delegating the decision to impose residential treatment to a probation officer. (*Id.* at pp. 902–903.) However, we find *Smith* distinguishable due to its express delegation of the authority to mandate inpatient residential treatment without further court review. No such express delegation for residential treatment is at issue in this case.

As noted in *U.S. v. Mike* (10th Cir. 2011) 632 F.3d 686, 696, a case cited by the court in *Smith*, open ended conditions which do not expressly delegate the authority to commit one to residential treatment are only potentially infirm due to their lack of clarity. A commonsense approach to these terms applies a reading which renders them valid over invalid. Thus, "[w]hen reviewing challenges to non-specific, all-encompassing conditions like the one here, other courts have opted to construe them in a manner that does not make them infirm. [Citation.] We believe this approach is best, as we see no reason to require 'district courts to include language eliminating all potential forms of treatment [or testing] not contemplated at the time of sentencing.' " (*U.S. v. Mike*, at p. 696, third bracketed insertion in original.)

We agree with the logic and reasoning in *U.S. v. Mike*. At the time of ordering probation, it is unrealistic to expect the trial court to know exactly which treatment programs may be of greatest value, even though additional treatment will be necessary upon release from custody. Thus, a court which orders future treatment as determined to be necessary using language which does not expressly allow—but could be read to grant discretionary authority to—probation to require participation in residential treatment programs should be understood to only grant authority to require participation in a nonresidential treatment program without further court input. To the extent greater treatment may be needed, the court would need to expressly authorize that specific treatment at that time.

The oral pronouncement in this case appears to have attempted to allow probation to determine what treatment assessments may be needed, while leaving authority in the court to oversee implementation of recommended treatments. However, the express language used, requiring appellant to both "participate in all treatment program assessments, as directed by the Court or your Probation Officer, and any recommended treatment programs" and "attend and complete any recommended alcohol/substance abuse treatment program and aftercare portion as directed by the Probation Officer or the Court" leaves open whether a residential treatment program recommended by probation could be required without further court order. This possible confusion was furthered by the unchecked "Program Type" and "In Patient" or "Out Patient" boxes in the sentencing minute order. Rather than read this provision to improperly delegate the judicial authority to determine whether inpatient treatment is required, we apply the commonsense approach of *U.S. v. Mike* to read the condition as only authorizing probation the discretion to evaluate and require nonresidential treatment programs while retaining the court's authority to direct participation in residential treatment programs as needed.

6.

With this understanding, we reject defendant's argument that an improper delegation of authority occurred but remand with directions for the superior court to correct the "First Corrected Minute Order," dated December 16, 2024, under the heading "<u>SENTENCING – PROGRAMS</u>," to check the boxes in front of "Probation Type" and "Out Patient."

## DISPOSITION

The matter is remanded for the superior court to correct the sentencing minute order as directed above.  In all other respects, the judgment is affirmed.