[No. B226457. Second Dist., Div. Six. Aug. 2, 2011.]

THE PEOPLE, Plaintiff and Appellant, v.
AUGUSTINE CRUZ, JR., Defendant and Respondent.

## COUNSEL

Joyce E. Dudley, District Attorney, and Michael J. Carrozzo, Deputy District Attorney, for Plaintiff and Appellant.

Raimundo Montes De Oca, Public Defender, and Meghan Behrens, Deputy Public Defender, for Defendant and Respondent.

## OPINION

**GILBERT, P. J.**—Penal Code section 1210.12, subdivision (a) states that the county's chief probation officer shall have the "sole discretion," consistent with the terms and conditions of probation, to decide which persons shall be supervised using a global positioning system (GPS).[1]

■ If a trial judge places a defendant on probation on conditions that he not associate with certain people or go near a certain location, the section permits the probation officer to order the defendant to wear a GPS device.

■ Consider these facts: The trial judge places a defendant on probation with the same conditions, but specifically orders that the defendant not wear a GPS device.

Now for an easy question. May the chief probation officer nevertheless order the defendant to wear a GPS device? The obvious answer—of course not. The California Constitution requires that here we take the word "sole" with a grain of salt. To the extent the statute purports to deprive the trial court of authority over the terms and conditions of probation, it violates the separation of powers clause of the Constitution. (Cal. Const., art. III, § 3.) We affirm the trial court's decision that defendant Augustine Cruz, Jr., was not in violation of his probation for refusing to wear a GPS monitoring device ordered by his probation officer.

---

[1] All statutory references are to the Penal Code.

## FACTS

On February 5, 2010, Cruz pled no contest to felony vandalism (§ 594, subd. (b)(1)) and admitted the special allegation that the offense was committed for the benefit of or at the direction of or in association with a criminal street gang (§ 186.22, subd. (b)(1)).

Pursuant to a plea agreement, Cruz was placed on three years of supervised probation. The probation order includes the conditions: obey all laws, do not associate with known criminals, follow all orders of the probation officer, do not change place of residence or leave the county or state without permission of the probation officer, do not drink or possess any alcoholic beverages and stay out of places where they are the chief item of sale, do not associate with gang members, and stay away from the 2001 Clothes Etc. store and Westside Market.

On April 5, 2010, Cruz reported to the probation department's electronic monitoring office. There he agreed to be fitted with a GPS device. On April 9, 2010, Cruz told his probation officer that he was refusing further participation in GPS monitoring and would rather complete his sentence in state prison. The probation officer arrested Cruz for violating his probation.

At the probation violation hearing, the trial court refused to order Cruz to participate in GPS monitoring. The court opined that section 1210.7 only authorized probation to recommend GPS monitoring to the court. The court further opined that if the section authorized probation to require GPS monitoring, it would be unconstitutional.

## DISCUSSION

The People contend the trial court erred in concluding the probation officer can only recommend GPS monitoring to the trial court. The People argue the Legislature intended to give the county's chief probation officer sole discretion to decide which persons shall be supervised using a GPS device.

Section 1210.7, subdivision (a) provides: "Notwithstanding any other provisions of law, a county probation department may utilize continuous electronic monitoring to electronically monitor the whereabouts of persons on probation, as provided by this chapter."

Section 1210.12, subdivision (a) provides in part: "A county chief probation officer shall have the sole discretion, consistent with the terms and conditions of probation, to decide which persons shall be supervised using continuous electronic monitoring administered by the county probation department."

■ We look to the language of a statute as the most reliable indicator of legislative intent. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) Where the language of a statute is clear and unambiguous, there is no need for construction. (*Ibid.*) Language is clear and unambiguous when it is not reasonably susceptible to more than one meaning. (*Ibid.*)

■ Section 1210.12, subdivision (a) is plain and unequivocal. The county chief probation officer has the "sole discretion," consistent with the conditions of probation, to decide which persons shall be subject to GPS monitoring. Apparently, the Legislature intended the exercise of discretion to rest with probation. No problem with that provided the trial court agrees.

The only question is whether section 1210.12, subdivision (a) violates the separation of powers embodied in the California Constitution. Article III, section 3 of the California Constitution provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

Cruz relies on *In re Pedro Q.* (1989) 209 Cal.App.3d 1368 [257 Cal.Rptr. 821]. There a minor was placed on probation subject to the condition that he not associate with members of his gang. His probation officer added several other conditions, including that he stay out of a certain area. A petition alleged that the minor violated his probation by traveling within the restricted area. The Court of Appeal concluded that the court alone has power to modify probation by adding new terms. (*Id.* at p. 1372.) The court held, "The probation officer may recommend probation terms, but it is the court's responsibility to tailor the conditions specifically to each minor." (*Ibid.*)

The People concede that the trial court has the authority to set the terms and conditions of probation. They argue, however, that requiring Cruz to submit to GPS monitoring is simply a ministerial act in aid of overseeing compliance with the conditions set for the court.

The People rely on *People v. Kwizera* (2000) 78 Cal.App.4th 1238 [93 Cal.Rptr.2d 522]. There a condition of probation required the defendant to " '[f]ollow such course of conduct as the probation officer may prescribe.' " (*Id.* at p. 1240.) The Court of Appeal upheld the probation condition stating: "[T]he court has the power and responsibility to impose conditions such as drug testing or reporting to the probation department. In order to supervise compliance with these conditions, the probation department must have authority to set the time and place for administration of the drug test or when the defendant is to report to the department. The phrase 'follow such course

of conduct as the probation officer prescribes,' . . . is reasonable and necessary to enable the department to supervise compliance with the specific conditions of probation. It does no more. . . . [T]he trial court has authority to empower the probation department with authority to supervise the probation conditions." (*Ibid.*)

■ Here section 1210.12 does not simply empower the trial court to authorize the probation department to use GPS monitoring. Instead, the section gives the probation department the "sole discretion" to decide. Whether the decision to order GPS monitoring can be characterized as ministerial or substantive, the statute purports to deprive the trial court of any say in the matter. That is an impermissible interference with the power of the trial court to set the terms and conditions of probation. To the extent section 1210.12 purports to deprive the trial court of the authority to decide who should be subject to GPS monitoring, it violates the separation of powers.

The judgment (order) is affirmed.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied August 24, 2011, and appellant's petition for review by the Supreme Court was denied November 16, 2011, S196275.