Filed 3/18/26  P. v. Gormley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084750 |
| v. | (Super.Ct.No. BAF2200978) |
| BRIAN EDWARD GORMLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed as modified.

Matthew M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

A jury convicted defendant and appellant Brian Edward Gormley of felony vandalism (Pen. Code,[1] § 594, subd. (b)(1)).  The trial court thereafter placed defendant on probation for a period of 24 months, subject to various terms and conditions.  One condition required defendant to "[p]articipate and complete at [his] expense any counseling, rehabilitation/treatment program deemed appropriate by probation officer."  On appeal, defendant contends the above probation condition violates the separation of powers doctrine by delegating judicial authority to the probation department.  He also argues that the same probation condition be modified to remove the requirement that he pay the cost of counseling or a rehabilitation/treatment program.  We agree the challenged probation condition must be modified but otherwise affirm the judgment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2022, defendant visited Morongo Casino.  Defendant struck the glass of a slot machine with his hand, causing the screen to shatter.  When confronted by a casino security officer, defendant admitted causing the damage and stated he had used his left hand to punch the machine.  A surveillance director for Morongo Casino identified the footage that showed defendant hitting the slot machine.  The footage was provided to law enforcement.

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

Defendant was escorted off the property and banned from the premises for 30 days. The cost to repair the damage defendant caused was approximately $1,600 in parts before labor.

On June 24, 2025, defendant was convicted of felony vandalism (§ 594, subd. (b)(1)).

Prior to sentencing, the probation officer spoke with defendant. Defendant stated that his "'downfall' of his life stemmed from his gambling problems which led to substance use issues and homelessness." Defendant reported that he had completed a residential treatment program in 2020 and that he had voluntarily entered a substance abuse treatment program. He also stated that his plan was to extend his program, enter a sober living house, and that he had been sober since December 2023. The probation officer recommended defendant be granted probation for a period of two years under various terms and conditions of probation.

On September 6, 2024, the trial court sentenced defendant to formal probation for a period of 24 months, subject to various terms and conditions. The court waived the $40 court operations assessment fee, as well as the $30 conviction assessment fee. Defendant timely appealed.

III.

DISCUSSION

At sentencing, the trial court imposed a condition of probation that required defendant to "[p]articipate and complete at [his own] expense, any counseling,

3

rehabilitation/treatment program deemed appropriate by the probation officer." Defendant did not object. Defendant argues that by leaving it to the unfettered discretion of the probation officer to decide whether he was required to enroll and complete a counseling or educational program, the trial court improperly delegated its statutory authority to a nonjudicial officer and violated the separations of power doctrine.

The People do not claim that defendant's claim has been forfeited because it raises a pure question of law and instead argue that the probation condition does not unlawfully delegate judicial authority. We agree with the People that defendant did not forfeit the separation of powers argument. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888; *People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

A trial court has broad discretion to impose probation conditions to foster rehabilitation of the defendant and to protect the public. (§ 1203.1, subd. (j); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Further, the court "has authority to empower the probation department with authority to supervise the probation conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240 (*Kwizera*).) We review a constitutional challenge to a probation condition de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

A trial court is governed by the separation of powers doctrine. " 'The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.' (Cal. Const., art. III, § 3.) Although the separation of powers doctrine

4

'does not prohibit one branch from taking action that might affect another, the doctrine is violated when the actions of one branch defeat or materially impair the inherent functions of another.' [Citation.] 'Separation of powers does not mean an entire or complete separation of powers or functions, which would be impracticable, if not impossible.' [Citation.]" (*In re D.N.* (2022) 14 Cal.5th 202, 212 (*D.N.*).)

"By leaving key determinations to be decided ad hoc, a vague probation condition may [ ] result in an impermissible delegation of authority to the probation officer. [Citation.] Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

"The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359 (*O'Neil*).)

A probation condition directing that a defendant participate in any treatment program when considering another condition requiring a defendant complete a drug and alcohol assessment and follow through with treatment as prescribed by the probation officer, passes constitutional muster. (*Smith*, *supra*, 79 Cal.App.5th at pp. 902-903.) This

is particularly true where the court's oral comments reflect that the defendant needs treatment for a substance abuse problem. (*Id.* at p. 903.)

However, where the condition includes the possibility of participation in a residential treatment program, as directed by the probation officer, it is an improper delegation of judicial authority. (*Smith*, *supra*, 79 Cal.App.5th at p. 903; *People v. Cruz* (2011) 197 Cal.App.4th 1306, 1310 [Invalidating probation condition that gave the probation officer "sole discretion" to decide whether the defendant should be subject to GPS monitoring.]; *O'Neil*, *supra*, 165 Cal.App.4th at pp. 1355, 1359 [Invalidating condition which provided, "You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer."]; contra, *Kwizera*, *supra*, 78 Cal.App.4th at pp. 1240-1241 [Upholding probation condition which directed defendant to " '[f]ollow such course of conduct as the probation officer may prescribe.' "]; *People v. Penoli* (1996) 46 Cal.App.4th 298, 307 [Upholding condition that probation officer may "unilaterally select a residential drug rehabilitation program and determine whether defendant successfully completed that program."].)

" 'A probation condition should be given "the meaning that would appear to a reasonable, objective reader." ' [Citation.]" (*D.N.*, *supra*, 14 Cal.5th at p. 211, quoting *People v. Olguin* (2008) 45 Cal.4th 375, 382 (*Olguin*).) "Following that precept, we read the challenged provision here not as delegating adjudicatory powers to the probation officer but as indicating the court's advance approval of an agreement that the probation officer might reach with" defendant. (*D.N.*, at p. 211, italics omitted.)

6

Here, since defendant was not convicted of an offense involving drug use and he had voluntarily entered a residential treatment program in the past and sought to maintain his sobriety, it seems highly unlikely the probation officer would direct defendant to participate in a residential treatment program. Unlike in *Smith*, the court here did not comment that defendant needed treatment for a substance abuse problem. We view the probation condition here in light of *D.N.* and *Olguin* and presume a probation officer will not interpret it in an irrational or capricious manner. (*Olguin*, *supra*, 45 Cal.4th 375 at p. 383.)

In any event, if a probation officer does interpret the condition in an arbitrary manner, defendant may then file a petition for modification of his probation condition. (See §§ 1203.2, subd. (b)(1), 1203.3, subd. (a); *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions]; *People v. Arevalo* (2018) 19 Cal.App.5th 652, 658 [If probation officer interprets probation condition in an arbitrary way, the defendant can file a petition for modification of his probation condition.].) Thus, the probation condition did not improperly delegate judicial authority to the probation officer.

Defendant's reliance on *People v. Cervantes* (1984) 154 Cal.App.3d 353 is misplaced. There, the trial court improperly imposed a condition the defendant " 'pay restitution in an amount and manner to be determined by the Probation Officer.' " (*Id.* at p. 356.) The appellate court agreed the trial court impermissibly delegated away its authority to set restitution to the probation department. (*Id.* at pp. 356-357, 358.) But

7

here, the challenged condition did not delegate any court authority. It simply empowered probation to supervise and enforce the substantive conditions imposed by the trial court.

Defendant's reliance on *In re Shawna M.* (1993) 19 Cal.App.4th 1686 (*Shawna M.*) and *In re Moriah T.* (1994) 23 Cal.App.4th 1367 (*Moriah T.*) is also misplaced. Both of those cases involved parental visitation rights. Sole discretion in visitation decisions in child custody cases cannot be delegated to social workers or the department of children's services. In *Shawna M.*, the appellate court invalidated a visitation order that vested a social worker sole discretion to determine whether a mother could visit her child, a ward of the court. (*Shawna M.*, *supra*, at pp. 1688-1691.)

In *Moriah T.*, the Court of Appeal held that "[o]nly when a visitation order delegates to [a third-party] the absolute discretion to determine whether any visitation occurs does the order violate the [applicable] statutory scheme and separation of powers doctrine." (*Moriah T.*, *supra*, 23 Cal.App.4th at p. 1374.) In fashioning a visitation order, the court may delegate the responsibility of managing the details of visitation— including time, place, and manner—but not the decision whether visitation will occur. (*Ibid.*) In *Moriah T.*, the appellate court upheld an order entered at an 18–month review hearing for the father to visit " 'regularly' " with the children " 'consistent with the[ir] well-being . . . and at the discretion of [the social services agency] as to the time, place, and manner.' " (*Id.* at p. 1371.) Because the juvenile court's order mandated regular visitation, the social services agency was not given absolute discretion to decide whether visits would occur. (*Ibid.*) The appellate court concluded it was not an improper

8

delegation of authority to allow the social services agency to determine the frequency and length of visits when the order provided for regular visitation. (*Id.* at pp. 1376-1377.)

However, in custody and dependency cases where parental rights have not been terminated, the court is charged with preserving and strengthening the child's family ties whenever possible and reunifying the minor with his or her family. (Welf. & Inst.Code, § 202, subd. (a).) Minors under the jurisdiction of the juvenile court who are in need of protective services "shall receive care, treatment, and guidance consistent with their best interest and the best interest of the public." (Welf. & Inst.Code, § 202, subd. (b).)

Here, we consider a condition affecting the terms of probation in a criminal case involving felony vandalism. The court is not charged with attempting reunification or insuring the best interests of the child or family. None of the parties in the present case is a ward of the court. The policy considerations present in *Shawna M.* and *Moriah T.* are not the same as in this case.

Defendant, in support of his contention that the probation condition improperly delegates the trial court's authority to the probation officer, also relies on *Smith*, *supra*, 79 Cal.App.5th 897. We are not persuaded by defendant's reliance on *Smith*. In *Smith*, the trial court imposed a probation condition requiring the defendant to " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Id.* at p. 901.) The appellate court first determined that the condition was not an improper delegation of authority for failing to specify the nature of the treatment, counseling, or therapy. (*Id.* at pp. 902-903.) Rather, when considering the probation

9

condition "in context" with the record, including another probation condition and the court's oral comments, the appellate court concluded that "the condition passes muster." (*Id.* at pp. 902-903.) However, the appellate court nevertheless found an unconstitutional delegation of authority because the probation condition "delegate[d] to the probation officer the discretion to decide whether [the defendant] must attend a residential program, as opposed to an outpatient program." (*Id.* at p. 903.) The appellate court reached this conclusion based on the fact that "[a] residential program can impose far greater burdens on a person's liberty interests than an outpatient program" and, "[g]iven the significant liberty interests at stake, a court—not a probation officer—must make the decision to require a defendant to attend residential treatment. [Citations.]" (*Ibid*.) Unlike the probation condition at issue in *Smith*, which delegated to the probation officer the authority to determine whether a residential program, as opposed to an outpatient program, would be required, the probation condition in the instant case did not give the probation officer any such authority.

In sum, in view of the record in this case, defendant fails to establish that the challenged probation condition constituted an unconstitutional delegation of authority by the trial court to the probation officer.

We, however, agree with the parties that the trial court erred when it ordered defendant to pay the cost of any counseling or rehabilitation/treatment program, and thus, the challenged probation condition must be modified.

"[A] trial court may order a defendant to pay for reasonable costs of probation; however, such costs are collateral and their payment cannot be made a condition of probation." (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321 (*Brown*).) Instead, the court must "issue a separate order for the payment of such costs." (*Id.* at p. 322.) "Moreover, before ordering a defendant to pay costs of probation, the court must make an inquiry and determination of the defendant's ability to pay and the amount of payment." (*Ibid.*; see § 1203.1b, subd. (a).)

Here, the challenged condition requires defendant to participate and complete "at his own expense" in a counseling or a rehabilitation/treatment program. The requirement that defendant pay for the counseling or rehabilitation/treatment program is an integral part of the challenged condition. As such, payment of the costs and/or fees is not collateral, but a condition of probation. (See *Brown*, *supra*, 101 Cal.App.4th at p. 321.) The court must make an inquiry and determination regarding defendant's ability to pay and issue a separate order for the payment of such costs and/or fees. (*Id.* at p. 322.)

Accordingly, the challenged condition should be modified to delete the portion of the condition requiring defendant to be responsible for paying costs and/or fees. (*People v. Flores* (2008) 169 Cal.App.4th 568, 579 [modifying probation to eliminate any requirement of payment of costs as a condition].)

# IV.

## DISPOSITION

The challenged probation condition should be modified to delete the portion of the condition requiring defendant to be responsible for the payment of the costs/fees of any counseling or rehabilitation/treatment program. The court is directed to issue a separate order for the payment of such costs and fees. Before the court may order defendant to pay any or all costs associated with his probation, it must make an inquiry and determination as to his ability to pay and determine the amount of payment. (§ 1203.1b, subd. (a).) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

12