Filed 3/30/26  P. v. Villanueva CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIK VILLANUEVA,<br><br>    Defendant and Appellant. | E085068<br><br>(Super.Ct.No. RIF2404732)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Affirmed as modified with directions.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Erik Villanueva pled guilty to robbery. (Pen. Code, § 211, count 1.)[1] The court placed defendant on formal probation for three years on various terms and conditions. On appeal, defendant contends that the condition that he participate in and complete, at his expense, any counseling, rehabilitation, or treatment program deemed appropriate by his probation officer is unconstitutional. Defendant also requests that the sentencing memorandum be amended to reflect the court's waiver of all fines and fees. The People concede both issues. We affirm as modified.

## I. FACTUAL AND PROCEDURAL HISTORY

The People charged defendant by felony complaint with robbery (§ 211, count 1) and exhibiting a deadly weapon (§ 417, subd. (a), count 2).

Pursuant to a plea agreement, defendant pled guilty to the robbery. The court dismissed count 2 and placed defendant on formal probation for three years on various terms and conditions, all of which defendant had previously discussed with his counsel and to which he agreed. One of the probation conditions requires that defendant, "Participate and complete at your expense any counseling, rehabilitation/treatment program deemed appropriate by probation officer."

The court also granted defense counsel's request that all applicable fines and fees be waived pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, disapproved of by *People v. Kopp* (2025) 19 Cal.5th 1, 22, which is reflected on the sentencing minute

---

[1] All further statutory references are to the Penal Code.

2

order.  However, the sentencing memorandum reflects that the court imposed a restitution fine and court assessment fee.

## II.  DISCUSSION

Defendant maintains the probation condition requiring that he participate in rehabilitative programs as directed by the probation officer is unconstitutionally vague and an unconstitutional delegation of authority. Defendant also requests that the sentencing memorandum be amended to reflect the court's waiver of all fines and fees. The People concede both issues.[2]  We affirm as modified.

"By leaving key determinations to be decided ad hoc, a vague probation condition may . . . result in an impermissible delegation of authority to the probation officer. [Citation.]  Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers.  [Citation.]  While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer."  (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

"The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation.

---

[2]  We agree with the parties that the sentencing memorandum should be modified to accurately reflect the court's oral pronouncement that all applicable fines and fees be waived.  (*People v. Serrano* (2024) 100 Cal.App.5th 1324, 1340 [The oral pronouncement of judgment ordinarily controls when there is a discrepancy between it and the clerical recording of the judgment].)  We shall direct the court to correct the sentencing memorandum.  (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3 [The reviewing court has the authority to correct clerical errors].)

However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359 (*O'Neil*).)

A probation condition directing that a defendant participate in *any* treatment program when considering another condition requiring a defendant complete a drug and alcohol assessment and follow through with treatment as prescribed by the probation officer passes constitutional muster. (*Smith*, *supra*, 79 Cal.App.5th at pp. 902-903.) This is particularly true where the court's oral comments reflect that the defendant needed treatment for a substance abuse problem. (*Id*. at p. 903.)

However, where the condition includes the possibility of participation in a *residential* treatment program, as directed by the probation officer, it is an improper delegation of judicial authority. (*Smith*, *supra*, 79 Cal.App.5th at p. 903; *People v. Cruz* (2011) 197 Cal.App.4th 1306, 1310 [Invalidating probation condition that gave the probation officer "sole discretion" to decide whether the defendant should be subject to global positioning system monitoring]; *O'Neil*, *supra*, 165 Cal.App.4th at pp. 1355, 1359 [Invalidating condition which provided, "You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer"]; contra, *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240-1241 [Upholding probation condition which directed defendant to "'[f]ollow such course of conduct as the probation officer may prescribe'"]; *People v. Penoli* (1996) 46 Cal.App.4th 298, 307 [Upholding condition that probation officer may "unilaterally

4

select a residential drug rehabilitation program and determine whether defendant successfully completed that program"].)

Here, defendant's condition does not specify the kind of program defendant might be required to complete; rather, it allows defendant's probation officer to determine whether and in what type of program defendant could be ordered to participate. Thus, the probation condition improperly delegates judicial authority to the probation officer.

## III. DISPOSITION

The court is directed to either strike the counseling condition or modify it to specify the type of program in which defendant is directed to participate. The court is also directed to modify the September 26, 2024, sentencing memorandum to reflect that the court waived all fines and fees. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
_____
Acting P. J.

We concur:

MENETREZ
_____
J.

LEE
_____
J.

5