[No. D033130. Fourth Dist., Div. One. Feb. 9, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
IMAN KWIZERA, Defendant and Appellant.

**COUNSEL**

Joyce Meisner Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**O'ROURKE, J.**—Iman Kwizera entered a negotiated guilty plea to battery on a noninmate while confined in jail. (Pen. Code, § 4131.5.) The court suspended imposition of sentence and placed him on three years' probation including a condition he serve 270 days in custody.

Appointed appellate counsel has filed a brief setting forth the evidence in the superior court. Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. Pursuant to *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], counsel refers to as possible but not arguable issues: (1) whether Kwizera was denied effective assistance of counsel; (2) whether Kwizera's plea was constitutionally valid; (3) whether the sentence was in accord with the plea agreement; and (4) whether the probation conditions were unreasonable.[1]

We granted Kwizera permission to file a brief on his own behalf. He has not responded.

---

[1]Because Kwizera entered a guilty plea, he cannot challenge the facts underlying the conviction. (Pen. Code, § 1237.5; *People v. Martin* (1973) 9 Cal.3d 687, 693 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People v. Jackson* (1985) 37 Cal.3d 826, 836 [210 Cal.Rptr. 623, 694

We requested counsel to provide additional briefing on probation condition 6.f: "Follow such course of conduct as the probation officer may prescribe." Penal Code section 1202.8, subdivision (a) provides, "Persons placed on probation . . . shall be under the supervision of the county probation officer who shall determine both the level and type of supervision consistent with the court-ordered conditions of probation." Section 1203, subdivision (a) provides in part, " 'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." Thus, by statute, the court sets conditions of probation and the probation officer supervises compliance with the conditions.

█ The trial court has broad discretion to determine probation conditions. (*People v. Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97]; *People v. Lafantasie* (1986) 178 Cal.App.3d 758, 761 [224 Cal.Rptr. 13]; *People v. Walmsley* (1985) 168 Cal.App.3d 636, 639 [214 Cal.Rptr. 170].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) A probation condition must also be reasonable in relation to the seriousness of the offense. (*People v. Keller* (1978) 76 Cal.App.3d 827, 838 [143 Cal.Rptr. 184].)

Thus, the court has the power and responsibility to impose conditions such as drug testing or reporting to the probation department. In order to supervise compliance with these conditions, the probation department must have authority to set the time and place for administration of the drug test or when the defendant is to report to the department. █ The phrase "follow such course of conduct as the probation officer prescribes," as used in condition 6.f is reasonable and necessary to enable the department to supervise compliance with the specific conditions of probation. It does no more. Since the court does not have the power to impose unreasonable probation conditions, it could not give that authority to the probation officer through condition 6.f. When the clear words of Penal Code sections 1202.8 and 1203 are applied, the trial court has authority to empower the probation department with authority to supervise the probation conditions. Condition 6.f does not

---

P.2d 736], overruled on other grounds as recognized in *People · v. Burton* (1989) 48 Cal.3d 843, 863 [258 Cal.Rptr. 184, 771 P.2d 1270].) We need not recite the facts.

conflict with *People v. Lent, supra,* 15 Cal.3d 481, or authorize the probation officer to irrationally tell a defendant "to jump," as defense counsel fears. Condition 6.f is a reasonable probation condition to enable the department to supervise compliance with the other probation conditions.

The judgment is affirmed.

Kremer, P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 24, 2000.