Filed 8/13/15  P. v. Martin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TODD DAVID MARTIN,<br><br>    Defendant and Appellant. | D066921<br><br><br>(Super. Ct. No. PLAK7901) |

APPEAL from a judgment of the Superior Court of San Diego County, Margie G. Woods, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberly A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Todd David Martin was sentenced to three years' parole following conviction for possessing illegal drugs. Because defendant has a history of sexual assault, one of his parole conditions prohibited him from being near sites where children congregate, such as public parks. The court found defendant violated this parole condition when he went paddle boarding at a public beach. In so finding, the court noted that defendant should not necessarily be prohibited from ever visiting the beach and that such visits might be helpful for his rehabilitation. However, the court left the condition in place without modification.

Defendant claims the court abused its discretion because it rendered its decision in ignorance of the law, which permits the court to modify parole conditions. We disagree and conclude the court properly exercised its broad discretion. Affirmed.

FACTUAL AND PROCEDURAL OVERVIEW

In 1996, defendant sexually assaulted a 16-year-old girl. In 2002, defendant committed another sexual assault, this time against a woman working for him. Because of these prior convictions, defendant has been classified as a high risk sexual offender. Defendant was convicted in 2012 for possession of methamphetamine. In late May 2012, he was paroled for three years.

Because defendant is a high risk sexual offender, one of his parole conditions prohibits him from entering or loitering within 100 yards of places where children congregate, including public pools and parks. In early September 2014, defendant spent approximately one hour paddle boarding in the ocean at a public beach in San Diego

2

County.  Defendant's parole agent discovered defendant visited the public beach while reviewing data from defendant's GPS tracker.  The California Department of Corrections and Rehabilitation filed a petition for revocation of parole.[1]  Defendant was arrested, and a revocation hearing was set for early October 2014.

At the hearing, defendant testified that he entered the ocean from an isolated and deserted part of the beach accessible only from a cliff.  Defendant's parole agent testified that defendant had previously violated parole by visiting a public beach and that he had expressly instructed defendant never to visit the beach.  However, the agent acknowledged the parole condition did not explicitly list "beach" among the places defendant could not visit.

At the conclusion of the hearing, the court found that defendant violated the conditions of his parole by visiting the public beach where children can congregate.  In making this finding, the court stated as follows:  "[T]he court believes and would assume that this hearing helps the individuals involved, Mr. Martin, who remains on parole after he serves his sentence for his violation, and his parole officer understands that there may be some areas that there needs to be more specificity.  And the court would think that if Mr. Martin can stay law abiding and care better for himself by being in the ocean, because apparently that's part of his life, that would benefit society as well, which hopefully will assist him in remaining law abiding and not reoffending.  So there should be a possibility to have some special exceptions made.  But, again, that's up to the agent.

---

[1]     Penal Code sections 1203.2, 3000.08, subdivision (f).

3

Mr. Martin would like to see that happen.  [¶]  Until that time, Mr. Martin, bottom line is you can't access the ocean via any beach, because a public beach is akin to a place where children congregate.

The court sentenced defendant to 150 days in jail and reinstated the same parole conditions as before.  Defense counsel did not make any request for a modification of the parole conditions at the hearing.

DISCUSSION

The court, in response to a petition to revoke parole, may "[r]eturn the person to parole supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail."  (Pen. Code, § 3000.08, subd. (f).)  Decisions regarding conditions for parole are reviewed for abuse of discretion.  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 764.)  Abuse of discretion by the court may be demonstrated by showing the ruling was " 'arbitrary, capricious or exceeds the bounds of reason.' "  (*Ibid*.)  Abuse of discretion can also be found if the court exercised its discretion based upon erroneous views regarding its scope.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847-848.)

A claim regarding an error in sentencing generally is not preserved for appeal if trial counsel fails to object.  (*People v. Scott* (1994) 9 Cal.4th 331, 355-356.)  However, such a claim can still be made on appeal if a defendant can show that trial counsel's failure to object was a professional error under *Strickland v. Washington* (1984) 466 U.S. 668.  To find professional error, a defendant must demonstrate that trial counsel's failure

4

to act is not justifiable by any conceivable trial strategy and that the error prejudiced the defendant. (*Id.* at pp. 689-690; *People v. Lewis* (1990) 50 Cal.3d 262, 288.)

Parole agents are accorded broad supervisory powers over parolees to mitigate the risk parolees pose to the public. (*People v. Denne* (1956) 141 Cal.App.2d 499, 508-509.) Legal standards regarding parole usually parallel those used in evaluating probation. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 345, fn. 7.) The law grants probation officers significant discretion in deciding what level of supervision is appropriate to enforce the terms of probation set out by the court. (See *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240-1241; Pen. Code, § 1202.8, subd. (a).) The court "may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359.) "Probation officers have wide discretion to enforce court-ordered conditions, and directives to the probationer will not require prior court approval if they are reasonably related to previously imposed terms." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.)

Defendant claims the court failed to modify his parole conditions because the court erroneously believed that doing so was beyond its discretion. In support of this claim, defendant cites language from the court's ruling stating that it believed an exception giving defendant the ability to swim in the ocean might be beneficial, but the creation of any exception was "up to the [parole] agent."

We conclude the language relied on by defendant to show the court allegedly believed it lacked discretion to modify his conditions of parole is at best ambiguous. This

5

language can be interpreted simply as the court making a recommendation to the agent regarding the supervision or enforcement of the condition. It does not sufficiently demonstrate that the court wished to alter the condition but believed it could not. In the absence of clear evidence to the contrary, we will presume the court was aware of its discretion.

In any event, a modification of the parole condition is not necessary to permit defendant to access the beach for the purpose of swimming in the ocean. The condition requires defendant to stay away from areas where children congregate. It does not facially ban defendant from visiting the beach at all times and under all circumstances.

Defendant's parole agent used his discretion to set the level of supervision best suited to enforce the condition by barring defendant from visiting the beach. However, the agent could conceivably allow defendant to visit the beach under certain circumstances, while still enforcing the court-imposed condition that defendant stay away from places where children congregate. For example, defendant might be permitted to visit the beach during hours when schools are in session or other times when minors would likely not be present. Furthermore, the parole agent would have had the discretion to allow defendant's visit on Labor Day *if* the agent agreed with defendant's assessment that children do not congregate at the part of the beach accessed by defendant.

Because the parole condition as it stands would allow defendant to visit the beach under certain circumstances, trial counsel's failure to request a modification at the hearing was not prejudicial error. Even if this claim of abuse of discretion is cognizable on

6

appeal without us first finding professional error, the court's ruling is not erroneous, but well within its discretion.

## DISPOSITION

The judgment is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.