Filed 5/8/26  P. v. Peake CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DOJON JAMES PEAKE,<br><br>Defendant and Appellant. | F088397<br><br>(Super. Ct. Nos. CRF72096, CRF72558, CRM72762)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Laura Leslie Krieg, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Justin Pedroso, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Meehan, J. and Harrell, J.

# INTRODUCTION

Defendant Dojon James Peake (defendant) was convicted of bringing drug paraphernalia into a jail, failing to appear while on bail, and obstructing a peace officer. Defendant was granted probation for two years, which included the condition that defendant "Cooperate with the [p]robation [o]fficer in a plan for psychological/psychiatric and/or drug/alcohol treatment."

On appeal, defendant claims the drug and alcohol treatment probation condition is an unconstitutional delegation of judicial authority because it requires the probation officer to identify the necessary treatment and decide between residential and outpatient treatment. The People disagree noting the trial court identified the treatment options probation could require while declining to delegate power to probation to decide between residential and outpatient treatment. We agree with the People and affirm the judgment.

# PROCEDURAL SUMMARY[1]

On May 1, 2024, the Tuolumne County District Attorney filed a first amended consolidated information charging defendant with bringing drug paraphernalia into a jail (Pen. Code, § 4573;[2] count 1), failing to appear while on bail (§ 1320.5; count 2), and misdemeanor resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1); count 3). It was alleged as to count 2 that defendant was released from custody on bail or on his own recognizance (§ 12022.1).

A jury convicted defendant, finding him guilty on all counts and found the on bail enhancement true. At sentencing, the trial court suspended imposition of sentence and granted defendant two years of probation under several terms and conditions. Defendant waived having the court read all the terms and conditions of probation and did not object to any of the terms or conditions imposed. One of the conditions of probation included,

---

[1]     The underlying facts related to defendant's convictions are not relevant to the issue raised on appeal and are, therefore, intentionally omitted.

[2]     Hereinafter, undesignated statutory references are to the Penal Code.

2.

"Cooperate with the [p]robation [o]fficer in a plan for psychological/psychiatric and/or drug/alcohol treatment."

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the probation condition requiring that he "Cooperate with the [p]robation [o]fficer in a plan for psychological/psychiatric and/or drug/alcohol treatment" is an unconstitutional delegation of judicial authority. Defendant contends this probation condition is " 'entirely open-ended' " and violates the separation of powers by delegating to the probation officer the power to determine the applicable treatment and to decide between residential or outpatient treatment. The People disagree, arguing the trial court was clear in its delegation of authority by identifying the nature of possible treatments a probation officer could require and declining to delegate the authority of choosing residential or outpatient treatment.

**Standard of Review**

We review facial constitutional challenges to probation conditions de novo. (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)

**Analysis**

Although defendant did not object to the challenged condition of probation at the time of sentencing, he raises a facial challenge to the constitutionality of the probation condition, which comes within an exception to the forfeiture rule. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 886–887 [constitutional challenges to a probation condition presenting a pure question of law come within the exception to the forfeiture rule].) Defendant's challenge to his probation condition as unconstitutionally delegating the trial court's authority to probation in violation of the separation of powers clause presents a pure question of law, easily remediable on appeal. (See *id.* at p. 888.) Therefore, defendant's claim is not forfeited.

3.

Under the separation of powers clause, "Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." (Cal. Const., art. III, § 3.)  However, while this " 'does not prohibit one branch from taking action that might affect another, the doctrine is violated when the actions of one branch defeat or materially impair the inherent functions of another.' " (*In re D.N.* (2022) 14 Cal.5th 202, 212.)  " 'Separation of powers does not mean an entire or complete separation of powers or functions, which would be impracticable, if not impossible.' " (*Ibid.*)

A trial court has broad discretion to impose probation conditions to foster rehabilitation of the defendant and to protect public safety pursuant to section 1203.1. (§ 1203.1, subd. (j); *People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)  The court "has authority to empower the probation department with authority to supervise the probation conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.)  As explained in *O'Neil*:  "There are many understandable considerations of efficiency and practicality that make it reasonable to leave to the probation department the amplification and refinement of a [probation condition].  The trial court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation.  However, the court's order cannot be entirely open-ended.  It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359; see also *People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)  Contrary to defendant's assertions, the probation condition was not " 'entirely open-ended' " since it determined the nature of the treatment options for defendant by expressly identifying categories of treatment ordered by the court:  psychological, psychiatric, drug and/or alcohol treatment.  As is permitted, the court left the detail of determining which particular type of treatment is more appropriate for defendant's rehabilitation to the discretion of the probation officer. (*O'Neil*, at p. 1359.)

An example of a similar permissible delegation of discretion to probation can be seen in *People v. Penoli* (1996) 46 Cal.App.4th 298.  In *Penoli*, the defendant challenged a probation condition requiring the defendant to enter a residential drug treatment program " 'as approved by the [p]robation [o]fficer,' " and that she " 'remain there until she has successfully completed that program.' " (*Id*. at p. 301.)  The defendant contended the  probation condition constituted an unlawful delegation of judicial authority because it "granted authority to the probation department to unilaterally select a residential drug rehabilitation program and determine whether [the] defendant successfully completed that program." (*Id*. at p. 307.)  The *Penoli* court noted there was no statute that required the court to make a determination as to which program to order the defendant and "any attempt to specify a particular program at or prior to sentencing would pose serious practical difficulties." (*Id*. at p. 308.)  If a specific program was ordered by the court, the program may decline to accept the defendant or the program may lack the space.  (*Ibid*.)  Thus, the court concluded that the delegation of judicial authority to probation to select a program for the defendant and to determine whether the defendant successfully completed that program was proper.  (*Id*. at pp. 307–309.)  The court stated that any concern from a defendant about a particular program may be brought to the court's attention at sentencing, or subsequently, by judicial intervention by moving to modify the probation order.  (*Id*. at p. 308.)

Here, the trial court imposed a probation condition that defendant obtain treatment, specifying four different treatment options, but left the determination as to the appropriate treatment to the probation officer.  Defendant was ordered to cooperate with probation in a plan for treatment but, as in *Penoli*, he retained the ability to ask the court to modify any aspect of the specific treatment program probation selected among the options specified by the court.  Therefore, by establishing the rehabilitative framework, the court's delegation of judicial authority to probation to select the appropriate program for defendant was proper.

Defendant contends the task of deciding between his treatment options is more profound than the task of selecting a particular residential drug program in *Penoli*. Defendant adds that assessment of future treatment, services, testing or counseling was unclear. However, granting probation the role of determining whether defendant has successfully completed a program is a proper delegation of judicial authority. (See *People v. Penoli*, *supra*, 46 Cal.App.4th at pp. 307–309.) Any concern about a particular treatment, service, testing or counseling may be brought to the court's attention by moving to modify the probation order. (See *id*. at p. 308.)

Defendant relies on *Smith* to voice his concern that the probation condition impermissibly permits the probation officer to determine whether defendant must attend a residential program, as opposed to an outpatient program. Defendant's concern is unsubstantiated as *Smith* is readily distinguished. In *Smith*, the defendant challenged a probation condition ordering the " '[d]efendant to participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Smith*, *supra*, 70 Cal.App.5th at p. 902.) The defendant claimed the probation condition was "an improper delegation of authority because it allows the probation officer to decide whether she will be required to attend any treatment, counseling, or therapy program and it fails to provide her with notice of the nature of the treatment, counseling, or therapy required." (*Ibid*.) The trial court found the probation condition violated the separation of powers clause by delegating its authority to the probation officer to decide whether the defendant had to attend a residential program, as opposed to an outpatient program. (*Id*. at p. 903.) The *Smith* court recognized that the parties negotiated a disposition that would allow the defendant to remain out of custody because she had a young daughter. The court did not specifically require the defendant to attend a residential treatment program, yet the probation condition gave the probation officer the discretion to decide whether to require the defendant to attend a residential or outpatient program. Since residential programs can require that one be confined to the treatment

6.

facility, *Smith* reversed and remanded for the trial court to decide if it intended to mandate residential treatment or not. (*Ibid.*)

In contrast, here, the challenged probation condition does not include express language delegating to the probation officer the authority to choose between outpatient and residential treatment programs. Therefore, defendant's probation condition does not include the language in *Smith* that was determined to be an unlawful delegation of authority.

We reject defendant's argument that because the probation condition does not expressly exclude a residential program the probation department had authority to impose it. Without the trial court's express authorization of residential treatment, the probation department is without authority to direct defendant into a residential program. In *Smith*, where the probation condition had expressly included residential treatment as an option, the matter was remanded for the court to either order residential treatment or strike the words from the probation condition. Thus, the *Smith* court acknowledged that if the trial court struck the option of a residential program from the probation condition, the condition would be proper and not unconstitutionally delegate judicial authority to the probation officer. (*Smith*, *supra*, 79 Cal.App.5th at p. 905.) As such, the wording of the probation condition deemed proper in *Smith*, omitting the language expressly permitting residential treatment as an option, is similar to the wording in defendant's probation condition.

Therefore, we cannot conclude that the probation condition that defendant "Cooperate with the [p]robation [o]fficr in a plan for psychological/psychiatric and/or drug/alcohol treatment" is an unconstitutional delegation of judicial authority to the probation officer.

**DISPOSITION**

The judgment is affirmed.