Filed 5/21/26  P. v. Pech CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SHAWN RICH PECH, JR.,<br><br>    Defendant and Appellant. | F090143<br><br>(Super. Ct. No. F23909278)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Stephanie L. Negin, Judge.

James Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Peña, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Shawn Rich Pech, Jr. appeals after pleading no contest and being placed on a two-year term of probation for illegally possessing a firearm. One of the conditions of his probation required him to participate in and complete any treatment program as directed by the probation department. He argues this condition constitutes an improper delegation of judicial authority to the probation department. We disagree and affirm.

## BACKGROUND

The Fresno County District Attorney filed a complaint against Pech charging him with possession of a concealed firearm in a vehicle (Pen. Code,[1] § 25400, subd. (a)(1); count 1), carrying a loaded firearm in public (§ 25850, subd. (a); count 2), and failure to display license plates, an infraction (Veh. Code, § 5200, subd. (a); count 3). It was further alleged as to counts 1 and 2 that Pech was not the registered owner of the firearm (§§ 25400, subd. (c)(6), 25850, subd. (c)(6)).

Pech pleaded no contest to count 1, admitted the enhancement allegation, and the remaining charges and enhancement allegations were dismissed. At sentencing, Pech was placed on formal probation. In addition to imposing other conditions of probation, the trial court articulated the following to Pech:

> "You are to participate in all treatment program assessments as directed by the court or probation and any recommended treatment programs.

> [¶] … [¶]

> "Participate in any assessment, and attend and complete any recommended alcohol or substance abuse treatment program as directed by probation including the aftercare portions, and you must sign any waivers of confidentiality.

> [¶] … [¶]

---

[1] Undesignated statutory references are to the Penal Code.

2.

"You must enroll, participate, and successfully complete a mental health treatment program as directed by probation and sign any waivers of confidentiality. Again, you must report immediately to probation if you leave the program prior to completion."

Pech acknowledged he understood and agreed to all the pronounced terms and conditions of probation.

**DISCUSSION**

Pech argues the probation condition requiring him to participate in and complete any treatment program as directed by the probation department unconstitutionally delegated judicial authority to the department because it leaves open the possibility that the department could order him into a residential treatment program without court input. We disagree.

As a threshold matter, we reject the People's contention that Pech's claim has been forfeited. A facial constitutional challenge to a probation condition may be considered for the first time on appeal if it presents a pure question of law that does not depend on the underlying factual record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889.) We proceed to the merits of Pech's claim.

" 'The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.' (Cal. Const., art. III, § 3.) Although the separation of powers doctrine 'does not prohibit one branch from taking action that might affect another, the doctrine is violated when the actions of one branch defeat or materially impair the inherent functions of another.' [Citation.] 'Separation of powers does not mean an entire or complete separation of powers or functions, which would be impracticable, if not impossible.' " (*In re D.N.* (2022) 14 Cal.5th 202, 212 (*D.N.*).)

A trial court has broad discretion to impose probation conditions to foster rehabilitation of the defendant and to protect the public. (§ 1203.1, subd. (j); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Further, the court "has authority to empower

3.

the probation department with authority to supervise the probation conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.)

"The court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359.) "While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

Constitutional challenges to mandatory probation conditions are reviewed de novo. (*People v. Brand* (2021) 59 Cal.App.5th 861, 867.) "When construing probation conditions, we consider their context and we use common sense." (*Smith, supra,* 79 Cal.App.5th at p. 902.) " 'A probation condition should be given "the meaning that would appear to a reasonable, objective reader." ' " (*D.N., supra,* 14 Cal.5th at p. 211, quoting *People v. Olguin* (2008) 45 Cal.4th 375, 382.)

Pech argues this case is controlled by *Smith*. In that case, the trial court imposed a probation condition requiring the defendant to " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.' " (*Smith, supra,* 79 Cal.App.5th at p. 901.) The appellate court found an unconstitutional delegation of authority, "agree[ing] with the federal courts of appeal that have held that entrusting the decision whether to mandate residential treatment to the probation officer is an improper delegation of judicial authority." (*Id.* at p. 903.)

One of the federal cases *Smith* cited was *U.S. v. Mike* (10th Cir. 2011) 632 F.3d 686. The *Mike* court held that open ended probation conditions which do not expressly delegate the authority to commit one to residential treatment are only potentially infirm due to their lack of clarity. (*Id.* at p. 696.) A common-sense approach to interpreting such conditions is to read them in a way which renders them valid over invalid. Thus,

"[w]hen reviewing challenges to non-specific, all-encompassing conditions like the one here, other courts have opted to construe them in a manner that does not make them infirm. [Citation.] We believe this approach is best, as we see no reason to require 'district courts to include language eliminating all potential forms of treatment [or testing] not contemplated at the time of sentencing.' " (*Ibid.*, third bracketed insertion in original.)

We agree with the reasoning of *U.S. v. Mike*. At the time of imposing probation, it is unrealistic to expect the trial court to know exactly which treatment programs may be of greatest value, or whether any are necessary at all. Thus, a probation condition that orders future treatment as determined to be necessary by the probation department, but that does not expressly allow the department to require residential treatment, should be understood to grant authority only to require participation in nonresidential treatment without further court input. If residential treatment may be needed, the court must expressly authorize that specific treatment at that time.

Here, we apply the common-sense approach of *U.S. v. Mike* to the probation condition at issue here as only authorizing probation the discretion to evaluate and require nonresidential treatment programs while retaining the trial court's authority to order participation in residential programs. With this interpretation of the condition, we reject Pech's argument that an improper delegation of authority occurred.

**DISPOSITION**

The judgment is affirmed.

5.