Filed 6/3/26  In re Mark B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MARK B., a Person Coming Under the Juvenile Court Law. | D086015 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. J244561) |
| MARK B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Reversed and remanded.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Maxine M. Hart and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

After assaulting his assistant principal and resisting detention, Mark B. was adjudged a ward of the State and placed on probation. He challenges two probation conditions imposed by the judge. He first argues a condition requiring him to "participate in counseling and/or an education program ... as directed by your Probation Officer" constitutes an unconstitutional delegation of judicial discretion to the probation officer. We agree that this condition is too indefinite and reverse and remand for the court to modify or strike it.

Mark also argues his trial counsel rendered ineffective assistance by failing to object to a condition ordering him not to contact his victim's family. We find the record does not rebut the presumption that counsel's actions fell within the broad range of reasonableness, and thus fails to demonstrate ineffective assistance on direct appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Mark shoved an assistant principal at his school, then resisted detention. The juvenile court made true findings on one count of battering a school employee (Penal Code, § 243.6) and one count of resisting an officer (*id.*, § 148, subd. (a)(1)). Mark was adjudged a ward pursuant to Welfare and Institutions Code[1] section 602 and placed in the custody of his mother, subject to the supervision of a probation officer.

Among the conditions of probation, the court ordered: "You must participate in counseling and/or an education program with your parent or guardian, as directed by your Probation Officer." The court also ordered Mark to "not knowingly have any direct or indirect contact with the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[assistant principal] ... or any of their family members." Mark did not object to these conditions.

## DISCUSSION

### A.  *Counseling and/or Education Condition*

Mark challenges the condition providing that he must participate in "counseling and/or an education program." He argues this condition "appears to give the probation officer unfettered discretion to determine what kind of counseling or education program would benefit [him] and to order him to participate in whatever that might be." He argues the court has thus "improperly delegate[d] the issue of counseling and education programing to the discretion of the probation officer." The People acknowledge, and we agree, that although Mark did not object to this condition, we may still consider his challenge because it presents a pure question of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

A juvenile "court has 'broad discretion to fashion conditions of probation.' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 293.) And the court may "empower the probation department with authority to supervise ... probation conditions." (*People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.) But, while a "court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation[,] ... the court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359 (*O'Neil*).) "By leaving key determinations to be decided ad hoc, a vague probation condition may also result in an impermissible delegation of authority to the probation officer. [Citation.] Under the separation of powers doctrine (Cal. Const., art.

3

III, § 3), judicial powers may not be delegated to nonjudicial officers." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

We believe this condition leaves too much to the probation officer's discretion because the court did not specify any particular kind of counseling or education program. Indeed, by putting "and/or" between education and counseling, the court did not make clear whether Mark must participate in education, counseling, or both. Because "the condition in this case contains no ... standard by which the probation department is to be guided, the condition is too broad and must either be stricken or rewritten to provide the necessary specificity." (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1359.)

We acknowledge the line between an appropriate delegation of "details" and an improper delegation of judicial authority may not always be clear. But, in our view, the trial court must at least select a specific category of educational or therapeutic programming. (Compare *Smith, supra*, 79 Cal.App.5th at pp. 902–903 [striking condition requiring defendant to " 'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer' " because the court must choose between residential and outpatient programming], with *People v. Penoli* (1996) 46 Cal.App.4th 298, 301, 302, 308 (*Penoli*) [approving condition requiring defendant "to enter a residential drug treatment program 'as approved by the Probation Officer' " because "any attempt to specify a particular program at or prior to sentencing would pose serious practical difficulties"].) In the absence of at least some specificity as to the category of programming, a reviewing court cannot determine whether the condition is appropriate to the circumstances of the case. (See, e.g., *Smith*, at p. 904 ["[A] probation condition is invalid if it (1) is unrelated to the crime for which the defendant was convicted; (2) pertains to conduct that by itself is not

4

criminal; *and* (3) it regulates conduct not reasonably related to potential criminal acts"].)  While many counseling and education programs may be appropriate in the circumstances of this case, we cannot say *any* such program would be reasonably related to Mark's crime or potential criminal acts.

The People argue that the Legislature has sanctioned this particular delegation, claiming section 729.2 authorizes the court to delegate "the selection of … counseling program to the probation office."  We need not decide to what extent legislative delegation of judicial authority to an executive official might affect the constitutional problem at issue here because we disagree with the People's reading of this statute.

Section 729.2 provides the court may[2] "[r]equire the parents or guardian of the minor to participate with the minor in a counseling or education program, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies designated by the court or the probation department." (§ 729.2, subd. (b).)  We do not find the People's argument to be supported by the text of this statute.  The phrase "designated by the court or the probation department" relates to "other appropriate agencies" and not, as the People

---

[2]    Effective January 1, 2026, section 729.2 was amended to provide that a court "may … require the parents" to participate.  (Stats. 2025, ch. 575, § 5.)  At the time the order was issued, section 729.2 provided the court "shall … require the parents" to participate.  (Former § 729.2, subd. (b).)  It is unclear whether this reflects a change in the court's authority for purposes of this condition, as section 727, subdivision (d)(2) provides, "If counseling or other treatment services are ordered for the minor, the parent, guardian, or foster parent *shall* be ordered to participate in those services, unless participation by the parent, guardian, or foster parent is deemed by the court to be inappropriate or potentially detrimental to the minor."  (Italics added.)

5

suggest "counseling or education program." (*Ibid.*)  Thus, section 729.2 authorizes the court or the probation department to designate "other appropriate agencies" who may operate a counseling or education program for the parent to participate in.[3]  It does not authorize the probation department to select any kind of counseling or education program for the minor.

The People also rely on Judicial Council form JV-624, a fillable form of "Terms and Conditions" the court may impose in a juvenile criminal matter. (See Judicial Council form JV-624, rev. Jan. 1, 2012 (form JV-624).)  Because the form cites section 729.2, the People suggest we should follow its understanding of that provision.  "The Judicial Council's interpretation [of a statute] ... is not binding on us, but it is highly persuasive."  See *In re M.B.* (2011) 201 Cal.App.4th 1057, 1063.)

The People first point to a condition in form JV-624 that provides the minor must:

---

[3]    We note that section 727, subdivision (c) appears nearly identical, but omits any reference to the probation department.  It provides that "[i]f a minor has been adjudged a ward of the court on the ground that the minor is a person described in Section 601 or 602, and the court finds that notice has been given in accordance with Section 661, and if the court orders that a parent or guardian shall retain custody of that minor either subject to or without the supervision of the probation officer, the parent or guardian may be required to participate with that minor in a counseling or education program, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies *designated by the court*."  (§ 727, subd. (c), italics added.)  The parties do not address this authority, and we are unable to account for the difference in wording or the apparent redundancy of the two statutes.

11. ☐ Participate in individual, group, or family counseling, as directed by the probation officer:

       a. ☐ Alcohol and other drug counseling

       b. ☐ Anger management counseling

       c. ☐ Sex offender program

       d. ☐ [Blank line]

       e. ☐ [Blank line]

The form anticipates that *the court* will select between categories of programming, such as "Alcohol and other drug counseling," "Anger management counseling," or "Sex offender program." This is consistent with our understanding that, while the court may leave ministerial decisions to the probation officer, it cannot delegate the fundamental decision as to what kind of counseling or educational programming is appropriate. (See, e.g., *In re Victor L.* (2010) 182 Cal.App.4th 902, 919 ["[A] court may dictate the basic policy of a condition of probation, leaving specification of details to the probation officer"]; *Penoli, supra,* 46 Cal.App.4th at p. 308 [court selected the category of programming, residential drug treatment, leaving probation to choose the particular program].)

The People also rely on a line in the form describing a condition that provides, "The parent or legal guardian must participate in a program of counseling or education as directed by the probation officer." (Form JV-624.) We find this sentence ambiguous, as it is unclear what the probation officer may "direct[]." We thus do not find it a persuasive expression of the Judicial Council's interpretation of section 729.2.

In sum, we find the condition in this case to be an improper delegation of excessive authority to the probation officer, and we reverse and remand

7

for the juvenile court to strike or modify the condition. If the condition is modified, the court must specify what category of counseling (e.g., alcohol and drug counseling or anger management counseling) or educational program(s) Mark can be ordered to attend.

## B.   *Ineffective Assistance of Trial Counsel*

In his second challenge on appeal, Mark argues his counsel was deficient for failing to object to the condition ordering him not to contact his assistant principal's family. He argues that any reasonable attorney would have objected to this condition because contacting the victim's family "has no relationship to [Mark's] conduct in this case," "is not, in and of itself, criminal conduct," and "[i]t is not reasonable to assume that some future contact between [Mark] and [his victim's] family members could lead to ... future criminality." (See *Smith*, *supra*, 79 Cal.App.5th at p. 904.)

To establish ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) a reasonable probability that, but for counsel's failings, he or she would have obtained a more favorable result. (*People v. Hoyt* (2020) 8 Cal.5th 892, 958.) We must presume that "counsel's actions [fell] within the broad range of reasonableness." (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) This presumption is unrebutted where the record " ' "sheds no light on why counsel ... failed to act in the manner challenged." ' " (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)

This record sheds no light on why Mark's counsel failed to object to the no contact condition. The court's order reflects that counsel "reviewed the report with the youth," but had no objections to probation department's recommendations. Thus, Mark does not seem to have expressed concern that

8

he would be unable to contact his vice principal's family.  Indeed, Mark argues in his appellate brief, "there's no evidence in the record that [the victim] even has a family."  Given the apparent unimportance of this restriction, there may well have been a tactical reason for not disputing it.  For example, it could invite inquiry into testimony, excluded for purposes of trial, that Mark threatened to kill the assistant principal and a security guard.

In short, there is no basis in this record to question trial counsel's judgment in not objecting to the condition.  Mark's remedy, if any, is by way of habeas corpus.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

## DISPOSITION

We reverse the order to the extent it includes a condition requiring Mark to "participate in counseling and/or an education program with [his] parent or guardian, as directed by [his] Probation Officer," and we remand for the juvenile court to strike or modify the condition in accordance with this opinion.  In all other respects, the order is affirmed.


DATO, Acting P. J.

WE CONCUR:


DO, J.


KELETY, J.

9